SUMMARY ORDER
Defendant-Appellant Tina Marie Weeks appeals from the decision of the United States District Court for the Eastern District of New York (Seybert, J.) denying its motion for attorney’s fees brought pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927. We assume the parties’ familiarity with the facts of the case, its procedural history, and the issues on appeal.
We review the district court’s decision to grant or deny a motion for attorney’s fees pursuant to either 42 U.S.C. § 1988 or 28 U.S.C. § 1927 for abuse of discretion. Panetta v. Crowley, 460 F.3d 388, 399 (2d Cir.2006) (regarding § 1988); In re 60 E. 80th St. Equities, Inc., 218 F.3d 109, 115 (2d Cir.2000) (regarding § 1927).
It appears that Capone’s claims may have been “frivolous, unreasonable, or groundless,” Panetta, 460 F.3d at 399, such that the district court would have acted within its discretion had it granted Weeks’s motion for attorney’s fees under 42 U.S.C. § 1988. See 42 U.S.C. § 1988(b) (“[T]he court, in its discretion, may allow the prevailing party ... a reasonable attorney’s fee as part of the costs .... ” (emphasis added)).
Further, it appears that the district court could have inferred the bad faith of Capone’s attorney, Ms. Pollack, such that it would have acted within its discretion had it granted Weeks’s motion for attorney’s fees under 28 U.S.C. § 1927. See 28 U.S.C. § 1927 (providing that an “attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys’ fees reasonably incurred because of such conduct.” (emphasis added)); In re 60 E. 80th St. Equities, Inc., 218 F.3d at 115-16 (explaining that § 1927 sanctions may be imposed “only when there is a finding of conduct constituting or akin to bad faith,” which “may be inferred where the action is completely without merit.” (internal quotation marks omitted) (emphasis added)).
Although the district court denied Weeks’s motion for attorney’s fees pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927, it did not explain why it exercised its discretion in that way. Absent any such explanation, we cannot evaluate whether the court abused its discretion when it denied attorney’s fees (1) under 42 U.S.C. § 1988 despite the apparent frivolity, unreasonableness, and groundlessness of Capone’s claims as to Weeks; and (2) under 28 U.S.C. § 1927 despite the possible inference of bad faith by Ms. Pollack in pursuing Capone’s claims as to Weeks.
Because we are unable to assess, on the record before us, whether the district court abused its discretion in denying Weeks’s motion for attorney’s fees, we REMAND the case to the district court, pursuant to the procedures set forth in United States v. Jacobson, 15 F.3d 19, 21-22 (2d Cir.1994), for clarification of its decision and for additional findings of fact or conclusions of law as necessary. The mandate shall issue forthwith. The par *48 ties are to inform the Clerk of the Court by letter within twenty-one days of when the district court has issued its clarification. Following such notification, jurisdiction of this appeal automatically will be restored to this Court without need for either party to file a new notice of appeal. After jurisdiction is restored, this panel will resume its consideration of this case.